UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. ESTELL,<br><br>      Petitioner,<br><br>    v.<br><br>DOERER, Warden,<br><br>      Respondent. | Case No.: 1:24-cv-01357-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

      Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on November 6, 2024, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds that it lacks jurisdiction to consider his claims. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

**I.    PRELIMINARY REVIEW**

      Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II.     BACKGROUND

In 2013, Petitioner was found guilty in the United States District Court for the Northern District of Illinois of armed bank robbery and brandishing a firearm. See United States v. Estell, 641 F.App'x 552 (7th Cir. 2016). He was sentenced to 390 months in prison, plus five years of supervised release. Id. He appealed his conviction and sentence, but the Seventh Circuit Court of Appeals dismissed the appeal. Id.

In 2022, Petitioner filed a § 2241 habeas petition in this Court. See United States v. Estell, Case No. 23-cv-1251-JLA (ND. Ill. 2023). The Court concluded it lacked jurisdiction and transferred the petition to the Northern District of Illinois. Id. The district court requested Petitioner to advise on how he wished to proceed, and on April 18, 2023, Petitioner filed a § 2255 motion to vacate, set aside, or correct the sentence. Id. On April 22, 2024, the district court denied the § 2255 motion. Id.

On November 6, 2024, Petitioner the instant § 2241 petition in this Court. The petition presents essentially the same challenges he brought in the Illinois District Court: He contends that he is actually innocent of his career-offender enhancement due to two intervening Supreme Court decisions – Mathis v. United States, 579 U.S. 500 (2016), and Descamps v. United States, 570 U.S. 254 (2013).

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Jones v. Hendrix, 599 U.S. 465, 469 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Jones, 599 U.S. at 469; Grady v. United States, 929 F.2d 468, 470 (9th

Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 599 U.S. at 471; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Id. at 471 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). Until recently, circuit courts were split on whether a prisoner could resort to § 2241 via the savings clause when an intervening decision of statutory interpretation was otherwise barred under § 2255(h). In the Ninth Circuit, § 2255 constituted an "inadequate and ineffective" remedy, and thus the petitioner could proceed under § 2241, when the petitioner: (1) made a claim of actual innocence; and (2) had never had an 'unobstructed procedural shot' at presenting the claim. Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.

The Supreme Court recently issued its opinion in Jones v. Hendrix and resolved the circuit split. 599 U.S. at 465. In Jones, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471.

3

The Supreme Court noted that § 2255(h) limited second or successive § 2255 motions to those that contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 476 (quoting 28 U.S.C. § 2255(h)).  As to those challenges that fall outside of § 2255(h), the Supreme Court held that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480.  Thus, following Jones, claims of error based on an intervening change in statutory interpretation may not be brought under § 2241.

In this case, Petitioner contends that, in light of recent intervening statutory interpretations by the Supreme Court in Mathis and Descamps, his California state conviction for marijuana was not a "controlled substance offense" as defined in U.S.S.G. 4B1.2 and therefore he was innocent of being a career offender. However, neither Mathis nor Descamps established a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See Arazola-Galea v. United States, 876 F.3d 1257, 1259 (9th Cir. 2017) (joining the Second, Fifth, Sixth, Seventh, and Eleventh Circuits in holding Mathis did not establish a new rule of constitutional law); Rios-Vizcarra v. Benov, 2014 WL 4211099, at *3 (E.D. Cal. 2014), *subsequently aff'd sub nom* Rios-Vizcarra v. Wigen, 669 F. App'x 886 (9th Cir. 2016) (collecting cases noting the Supreme Court has not made Descamps retroactive to cases on collateral review).  Therefore, Petitioner's claims are foreclosed by the Supreme Court's decision in Jones. The Court finds it lacks jurisdiction under § 2241 and will recommend the petition be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

4

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **December 12, 2024**            /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE

5